UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE WEBB and LAURA WEBB,                    Case No. 6:12-cv-1795-AA
                                                      OPINION AND ORDER
            Plaintiffs,

       v.

BAYVIEW LOAN SERVICING, LLC,
a foreign company, and ASSET
FORECLOSURE SERVICES, INC.,
a foreign corporation,

            Defendant.

_____

AIKEN, Chief Judge:

    Plaintiffs filed suit alleging wrongful foreclosure in

violation of the Oregon Trust Deed Act (OTDA), unfair trade and

debt collection practices in violation of state and federal law,

and breach of contract. Plaintiffs seek damages and declaratory

relief. Shortly after plaintiffs filed suit, they sought and

1    - OPINION AND ORDER

obtained preliminary injunctive relief enjoining the foreclosure sale of their property during the pendency of this proceeding. Defendants now move for dismissal of this action, arguing that plaintiffs lack standing to bring suit, their claims are precluded by the doctrine of judicial estoppel, and they fail to state a claim. I agree that plaintiffs are not the real parties in interest and that judicial estoppel warrants dismissal.

BACKGROUND[1]

On December 9, 2005, plaintiffs entered into a mortgage loan and promissory note with lender First Horizon Home Loan Corporation. To secure plaintiffs' obligations under the note, plaintiffs executed a deed of trust (DOT) to real property commonly known as 2554 Cole Road S. in Salem, Oregon. The DOT lists First Horizon Home Loan Corporation as the lender and beneficiary and Fidelity National Title Company as the trustee. Compl. Ex. 1.

On June 3, 2008, plaintiffs allege that they entered into a loan modification agreement with First Horizon Home Loans, a Division of First Tennessee Bank National Association, as successor by merger to First Horizon Home Loan Corporation.

On September 29, 2011, First Horizon Home Loans assigned its

---

[1]These facts are taken from plaintiffs' complaint and the documents attached to defendants' Request for Judicial Notice (doc. 15). Under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record "including documents on file in federal or state courts." Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Therefore, the court takes judicial notice of these public and court records.

interest in the DOT to defendant Bayview Loan Servicing, LLC
(Bayview), recorded in Marion County on December 19, 2011. Defs.'
Request for Judicial Notice (Defs.' Request) Ex. 2. On February 10,
2012, Bayview assigned Asset Foreclosure Services, Inc. (AFSI) as
the successor trustee, with the assignment recorded on February 23,
2012. Id. Ex. 3. On February 20, 2012, AFSI commenced a non-
judicial foreclosure on plaintiffs' property by issuing a Notice of
Default and Election to Sell (NODES), also recorded on February 23,
2012. Id. Ex. 4.

The trustee's sale of plaintiffs' property, originally
scheduled for June 29, 2012, was postponed and ultimately stayed
after plaintiffs filed a Chapter 7 bankruptcy petition on July 13,
2012. Defs.' Request Ex. 4 at 4; id. Ex. 5.

On September 26, 2012, the bankruptcy court issued an order
granting Bayview relief from the automatic stay and allowing it to
continue with the non-judicial foreclosure of plaintiffs' property.
Id. Ex. 7. Plaintiffs did not object to the relief from stay. The
non-judicial foreclosure sale was rescheduled for December 26,
2012.

The bankruptcy court ultimately determined that plaintiffs'
bankruptcy case was a no asset case, and on October 11, 2012,
plaintiffs obtained a Chapter 7 discharge. Defs.' Request Ex. 8.

Plaintiffs filed this action on October 4, 2012, one week
prior to the discharge of their debts. Plaintiffs allege that

assignments of the DOT and of AFSI as successor trustee were not recorded prior to issuance of the NODES, in violation of the OTDA. See Or. Rev. Stat. § 86.735(1). Plaintiffs further allege that Bayview and the "unknown owner" of their loan have assessed and collected, or attempted to collect, unauthorized and improper interest, late fees, attorney fees, collection costs, trustee fees, and special servicing or other foreclosure-related fees. Plaintiffs' complaint did not reference or disclose facts relating to their then-pending bankruptcy proceeding.

On December 14, 2012, defendants sought dismissal of this action, and on December 18, 2012, plaintiffs sought a temporary restraining order to enjoin the non-judicial foreclosure of their property. The court granted the TRO and enjoined a non-judicial foreclosure sale during the pendency of this case.

<u>DISCUSSION</u>

Defendant argue that plaintiffs have no standing to bring this action because their claims accrued before they filed for bankruptcy and remain property of the bankruptcy estate. I agree.

The filing of a bankruptcy petition creates a bankruptcy estate "comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The scope of section 541 is broad, and includes causes of action." <u>Sierra Switchboard Co. v. Westinghouse Elec. Corp.</u>, 789 F.2d 705, 707 (9th Cir. 1986). A bankruptcy trustee is

the estate's representative and has the "capacity to sue and be sued" on behalf of the bankruptcy estate. 11 U.S.C. § 323. Thus, the bankruptcy trustee controls the bankruptcy estate and is the real party in interest in causes of action that belong to the estate. Nissim v. Wells Fargo Bank, N.A., 2013 WL 1411505, at *4 (N.D. Cal. Apr. 8, 2013); see also Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008) (per curiam); see Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Consequently, a bankruptcy debtor may not prosecute a cause of action belonging to the bankruptcy estate absent a showing that the asserted claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. 11 U.S.C. § 554(a),(d); Cobb v. Aurora Loan Services, LLC., 408 B.R. 351, 354 (E.D. Cal. 2009).

Here, plaintiffs' claims allege unrecorded assignments of the DOT and the successor trustee prior to the issuance of the NODES, as well as unlawful attempts to collect unauthorized fees and costs. Specifically, plaintiffs allege that defendants misrepresented their authority to seek non-judicial foreclosure, assessed improper fees against them, misapplied mortgage loan payments, attempted to collect unauthorized debt, and misrepresented the true amount owed under the note. Given that the conduct underlying these claims - defendants' servicing of the mortgage loan and issuance of the NODES - occurred prior to

plaintiffs' Chapter 7 petition, the claims became property of the bankruptcy estate. Further, plaintiffs do not allege or argue that the claims were exempt from the bankruptcy estate or abandoned by the trustee. 11 U.S.C. §§ 522, 554. Therefore, plaintiffs' claims remain property of the bankruptcy estate, and plaintiffs are not the real party in interest to this case.

Plaintiffs nonetheless argue that their claims based on wrongful foreclosure accrued after their bankruptcy petition, because such claims accrue only after the foreclosure sale of the property. See Holmes v. Wells Fargo Bank, N.A., 2013 WL 1641382, at *2 (D. Or. Apr. 16, 2013). However, if plaintiffs' argument is accepted, these claims are not ripe for review by this court and must be dismissed, as no foreclosure sale has occurred. Further, while plaintiffs are correct that this district generally does not recognize "attempted" wrongful foreclosure, many decisions involve circumstances where a NODES is recorded and later rescinded or where no foreclosure sale is pending. See, e.g., Vettrus v. Bank of America, N.A., 2012 WL 5462914, at *4 (D. Or. Nov. 6, 2012); Durham v. Bank of New York Mellon, 2012 WL 2529188, at *2 (D. Or. June 28, 2012). Here, defendants have not rescinded the NODES. Therefore, to the extent plaintiffs' claims are ripe, they accrued pre-petition and are property of the bankruptcy estate. Accordingly, plaintiffs are not the real party in interest and have no standing to bring this action.

Further, I find that the doctrine of judicial estoppel bars plaintiffs' claims. A district court may exercise its discretion and invoke judicial estoppel, "an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Factors the court considers include: 1) whether a party's later position is "clearly inconsistent" with its earlier position; 2) whether a court accepted the party's "earlier position"; and 3) whether the party seeking to assert an inconsistent position would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001).

Significant to this case, the bankruptcy code imposes on debtors "a continuing duty to disclose all pending and potential claims." Kane, 535 F.3d at 384-85; see also 11 U.S.C. 521(a)(1). Indeed, "[t]he debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." Hamilton, 270 F.3d at 785. Accordingly, "[a] plaintiff who fails to fulfill this duty to inform the bankruptcy court of his claims risks having those claims barred by judicial estoppel." Becker v. Wells Fargo Bank, Nat. Ass'n, 2012 WL 5187792, at *3 (E.D. Cal. Oct. 18, 2012).

In fact, "it is well-established that a failure to identify a

claim as an asset in a bankruptcy proceeding is a prior
inconsistent position that may serve as the basis for application
of judicial estoppel, barring the debtor from pursuing the claim in
a later proceeding." Guay v. Burack, 677 F.3d 10, 17 (1st Cir.
2012) (citing Moses v. Howard Univ. Hosp., 606 F.3d 789, 798 (D.C.
Cir. 2010) ("[E]very circuit that has addressed the issue has found
that judicial estoppel is justified to bar a debtor from pursuing
a cause of action in district court where that debtor deliberately
fails to disclose the pending suit in a bankruptcy case.")). In
particular, the Ninth Circuit has stated: "Judicial estoppel will
be imposed when the debtor has knowledge of enough facts to know
that a potential cause of action exists during the pendency of the
bankruptcy, but fails to amend his schedules or disclosure
statements to identify the cause of action as a contingent asset."
Hamilton, 270 F.3d at 784. I find that judicial estoppel applies in
this case as well.

Under the first factor, plaintiffs are attempting to bring
causes of action that they failed to identify as potential claims
in their bankruptcy schedules. As a result, plaintiffs have adopted
a "clearly inconsistent position." Id. ("Hamilton clearly asserted
inconsistent positions. He failed to list his claims against State
Farm as assets on his bankruptcy schedules, and then later sued
State Farm on the same claims."). Second, the bankruptcy court
accepted plaintiffs' bankruptcy schedules when it granted

plaintiffs a Chapter 7 discharge. Id. ("[A] discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated."); Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992).

Finally, plaintiffs would receive an unfair advantage by pursuing these claims after failing to disclose them in bankruptcy; plaintiffs received the benefit of an automatic stay and a discharge of their debts. "The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding." Hamilton, 270 F.3d at 785 (citation omitted); see also id. ("Hamilton did enjoy the benefit of both an automatic stay and a discharge of debt in his Chapter 7 bankruptcy proceeding.").

Plaintiffs nonetheless maintain that the failure to include their claims in their bankruptcy schedules resulted from inadvertence and mistake rather than a strategic decision, in that they believed their wrongful foreclosure claims had not accrued during the bankruptcy proceeding. However, I decline to accept plaintiffs' explanation when they filed this federal action alleging wrongful foreclosure *prior* to their Chapter 7 bankruptcy discharge. Plaintiffs had an ongoing obligation to disclose potential claims for the duration of their bankruptcy proceeding,

9    - OPINION AND ORDER

and, clearly, plaintiffs believed their claim had accrued when they filed this action. Thus, plaintiffs had knowledge of the facts to support their claims and failed to disclose them in their bankruptcy proceeding. As such, judicial estoppel bars the claims asserted in this action.

In lieu of dismissal, plaintiffs request that the court allow them to substitute the bankruptcy trustee as plaintiff under Federal Rule of Civil Procedure 17(a)(3) to cure the defect in standing. However, I decline to do so. I cannot find that plaintiffs' decision to file suit in their own name was an "understandable mistake," and nothing in the record indicates that the trustee would pursue these claims on behalf of the bankruptcy estate. See Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004); see also Kane, 535 F.3d at 383, 387.

Alternatively, plaintiffs request that the court stay the case so they may seek to reopen their bankruptcy proceeding and obtain abandonment of the claims to cure any alleged unfair advantage. While such an approach has been deemed "a permissible alternative to judicial estoppel," I am not inclined to do so under the circumstances of this case. Dunmore, 358 U.S. at 1113 n.3. Should plaintiffs or the bankruptcy trustee endeavor to reopen the bankruptcy proceedings and obtain abandonment of these claims after notice to creditors, plaintiffs may seek reconsideration of this ruling.

10   - OPINION AND ORDER

CONCLUSION

Defendants' Motion and Amended Motion to Dismiss and Request for Judicial Notice (docs. 11, 13, 15) are GRANTED, and plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

Dated this ____ day of May, 2013.

_____
Ann Aiken
United States District Judge